1
2
3
4
5

Christine Kelly (209701)
THE ANIMAL LAW OFFICE
454 Las Gallinas Avenue #106
San Rafael, CA 94903
Tele.  415-297-3109
Fax.   415-324-8086
christine@animalattorney.com

6
7

ATTORNEY FOR PETITIONER FARYAL KABIR,
THE GUARDIAN OF THE CANINE COMPANION ZEUS

8
9
10

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

11
12

FARYAL KABIR, THE GUARDIAN OF
THE CANINE COMPANION ZEUS,

13
14

                    Plaintiff,

vs.

15
16

CITY OF ELK GROVE, BOBBIE SINGH-
ALLEN ACTING MAYOR OF ELK
GROVE  AND DOES 1-10

17
18

                    Defendant

Case No.:  2:22-cv-1661 TLN DB

**VERIFIED FIRST AMENDED COM-
PLAINT AGAINST THE CITY OF ELK
GROVE FOR DAMAGES, INJUNCTIVE
AND OTHER RELIEF**

**EQUITABLE RELIEF IS SOUGHT**

**JURY TRIAL DEMANDED**
**Assigned Judge:  District Judge Troy L.
Nunley**
**Courtroom 2, 15th floor**

19
20
21
22
23
24
25
26
27
28

        **COME NOW,** FARYAL KABIR, by and through their undersigned counsel, and

for their Verified Complaint against Defendant CITY OF ELK GROVE, ("Defendants"),

state to this Honorable Court as follows:

### INTRODUCTION

        It is time to challenge the statutes and policy of the City of Elk Grove which are

violations of due process as well as vague, ambiguous, which then leads to arbitrary

and capricious findings.

This is a death penalty case for a dog named Zeus who was designated dangerous based upon a minor abrasion (non-puncture) and whose guardian was accused of noncompliance to the dangerous restrictions which followed.

However, in the city of Elk Grove, the City has carved out their own set of rules which violate a citizen's due process pertaining to dogs.  For example, if there is noncompliance of any restriction applied to a dangerous dog, the animal shall be euthanized.  Furthermore, in Elk Grove any noncompliance, also subjects the owner to criminal prosecution.  This is what is happening right now in the City of Elk Grove.

The underlying incident which got us all here was provoked wherein only a very minor abrasion resulted.  Ms. Kabir's presence and statements were not accepted at this initial hearing after the zoom program dropped her.  After the Zoom connection dropped Kabir, Kabir telephoned and requested to speak and be part of the hearing but was told she could not.  The hearing proceeded without her.  The de novo appeal window to challenge this underlying designation of 5 days passed, but plaintiff still seeks review of the administrative writ order under a California Case No.:34-2022-80003929.

After the dangerous designation, a new hearing took place at the request of Kabir due to the seizure of Kabir's dog for alleged noncompliance.  Ms. Kabir was in fact in compliance, nonetheless, the City seized her dog and then criminally charged her.  At the administrative August hearing with regard to compliance to the dangerous dog designation, no evidence of Ms. Kabir's compliance was accepted into evidence (while post-hearing evidence was accepted by the City).  The hearing officer made findings based on hearsay (the video cams) over objection.  The hearing officer refused to allow another attorney speak in a representative capacity, stating that one attorney, specifically Pete Macaluso, was only allowed to present the case.  Lastly, post-hearing, the City of Elk Grove made an Ex Parte Communication with the decision maker post hearing to modify the final Order rather than use the correct procedure.

This Complaint is brought because the Elk Grove Code contains arbitrary and capricious terms and is in conflict with state and federal law.

**PARTIES**

1.      Plaintiff Faryal Kabir, the Guardians of the Canine Companion Zeus: Faryal Kabir is an individual and at all times relevant to the incident in question a resident of the CITY OF ELK GROVE in the County of Sacramento, California. Petitioner is the lawful guardian and owner of Zeus, who was the subject of an administrative hearing conducted by Defendant.

2.      Defendant City is an incorporated local government municipality existing under the laws of the State of California. The CITY OF ELK GROVE (the "City") is the City government entity that has designated Zeus as a Dangerous Animal pursuant to Elk Grove Municipal Code. The City is defined by Government Code section 54951 and is located in Elk Grove. Defendant has, by its Municipal Code, delegated the duty of deciding whether or not a dog should be deemed dangerous, and has also charged their Animal Services Department with the authority to bring and to hear proceedings against the dog and dog's owners. The CITY OF ELK GROVE is obligated to follow all applicable rules in regards to the rights of these citizens and applying the appropriate laws and standards of proof to dog hearings. Bobbie Singh-Allen is the acting mayor of Elk Grove who is responsible for ensuring that the City's laws are constitutional. DOES 1-10 are any and all actors related and responsible for the due process violations against Plaintiff related to this incident.

**JURISDICTION**

3.      Jurisdiction is proper in this Northern District of California Federal District Court pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

4.      Supplemental jurisdiction is proper in this Eastern District of California Federal District Court as to any state law claims pursuant to 28 U.S.C. § 1367 in that said claims are so related that they form part of the same case or controversy.

5.      This action is not barred from being heard in this Northern District of California Federal District Court pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), as there is no ongoing state proceeding complaint and this action does not challenge any state interest or procedure.

**VENUE**

6.      Venue is proper in this Eastern District of California Federal District Court pursuant to 28 U.S.C. §1391(b) in that the Defendants reside within the County of Sacramento which is located in the Eastern District of California and a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of California.

**DIVISIONAL VENUE**

7.      Divisional Venue is proper in the Sacramento Division of this Eastern District of California Federal District Court pursuant to Civil Local Rule 3-2(d) in that this case arises from the City of Elk Grove, Sacramento County, CA.

**STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**
FACTUAL AND PROCEDURAL BACKGROUND

8.      Zeus is a one year old dog who has been a needed member of the Kabir family, specifically Ms. Kabir, after the loss of her significant other.  From the day Zeus came home, he has been depended upon for Ms. Kabir's emotional well-bring.  Zeus has been socialized and exercised regularly.  Significantly, Zeus is in tune with the emotions and sensitivities of Ms. Kabir.  On May 16, 2022, an unexpected male adult surprised Ms. Kabir at the end of her driveway.  The male stranger shocked Ms. Kabir which provoked Zeus to ward the male off and away from Ms. Kabir's property.  The incident resulted in a very minor superficial abrasion and no puncture wounds.

**JUNE 8, 2022 HEARING**

9.      After this incident, Ms. Kabir wished to dispute the designation of Dangerous Animal, which the City of Elk Grove imposed upon her on May 25, 2022, prior to a hearing.  On June 8, 2022, Ms. Kabir attempted to attend the zoom hearing and was kicked out of zoom presumptively due to electronic technical issues.  She attempted to get back into the zoom hearing to no avail.  Ms. Kabir thereafter telephoned the officer to inform them that she is not being allowed back into the Zoom hearing and wanted to attend the hearing to present Zeus' defense.  Ms. Kabir was told that she could not attend via her telephone.  Ms. Kabir's June 8th hearing continued without her and she was unable to provide the provocation defense for her dog Zeus.  Zeus was then designated dangerous and restrictions were imposed upon Ms. Kabir and her dog.

10.     On June 15, 2022 an order designating Zeus as Dangerous was signed by the administrative hearing officer Ruben Hernan ("Order 1").  The June 15, 2022 order stated that Ms. Kabir had 30 days to comply with all restrictions for Zeus.  Ms. Kabir complied and presented such evidence to the Elk Grove animal control prior to the end of July 15, 2022.  July 15, 2022 was the 30th day to comply, however at 2:31pm, Kabir was not in violation of her 30 day deadline to show compliance.  Despite Ms. Kabir still being within her 30 day window, the Elk Grove Animal Control and police prematurely seized Zeus.  On July 16, 2022, Ms.Kabir would have been in violation, had there been any shortcomings, but not July 15, 2022.

11.     On July 15, 2022, animal control refused to listen to Ms. Kabir state that she was already in compliance with the requirements.  The respondents caused stress and anxiety in Ms. Kabir and forced her to surrender her dog.  Elk Grove did not give Ms. Kabir notice of this surprise premature visit on July 15, 2022.  In a distressed state, Ms. Kabir drove home from work to prevent her dog from being placed in custody and to show compliance.  Ms. Kabir provided proof of compliance and rather than set a hearing on whether or not her compliance was adequate, Animal Control proceeded to seize her dog demanding that she put Zeus in their truck.  Ms. Kabir was in a hightened distressed state and in such a state, Zeus was protective of Ms. Kabir as she

(against her will) put him in the truck in her distressed state.  Zeus thereafter had a pro-vided incident with a nearby animal control officer due to his stature looming near Ms. Kabir.

### August 15, 2022 Hearing

12.      On August 15, 2022, one month after the seizure, a hearing took place before hearing officer Katie Porter.  Ms. Porter asked for Post-Hearing objections.  The City submitted in addition to such, post hearing video cam evidence which was ac-cepted into evidence.  Ms. Kabir's proof of compliance was submitted post hearing at the same time as the City's but the proof of compliance was not admitted.  Further-more, Ms. Porter did not recognize that the violation upon Ms. Kabir was premature when Ms. Kabir's time to comply was not ripe.  On July 16, 2022, Ms.Kabir would have been in violation, had there been any shortcomings, but not July 15, 2022.  Additional-ly, The hearing officer made findings based on hearsay over objection.  The hearing of-ficer refused to allow another attorney speak in a representative capacity, stating that one attorney, specifically Pete Macaluso, was only attorney allowed to present the case.  Although Macaluso did not present evidence of compliance at the hearing, evi-dence of compliance was submitted with the post-hearing brief which was not accept-ed into evidence by the hearing officer for the truth asserted.  Lastly, the City of Elk Grove made an Ex Parte Communication with the decision maker post hearing to mod-ify the final Order rather than use the correct procedure to amend an order.  The hear-ing officer's actions were in violation of due process and in violation of the Elk Grove statutes.  The administrative hearing should have been continued such that Ms. Kabir could speak freely being that Ms. Kabir had a new criminal charge due to her alleged possession of a dangerous dog and was advised to remain silent during the hearing.  Ms. Kabir suffered a penalty for her silence because her defense of compliance was not presented.

13.      Many violations of the law occurred at the August 15, 2022 hearing.  The hearing officer knew that the initial June 8, 2022 hearing was being challenged, yet

proceeded to make a ruling prior to a ruling on the June 8, 2022 writ.  The hearing officer did not allow any other attorney other than Pete Macaluso to speak on behalf of Ms. Kabir and therefore Ms. Kabir's defenses were not presented to the hearing officer. Additionally, the hearing officer allowed and accepted post hearing evidence from the City, but did not accept the post-hearing evidence (which showed full compliance) of Ms. Kabir.  The hearing officer made findings based upon hearsay presented at the hearing.  The hearing officer also displayed bias against Kabir stating that Ms. Kabir was the failure, not her dog, and chastising Kabir at the hearing on record.

**Order after August 15, 2022 Hearing**

14.    A final order was sent out to the parties on September 2, dated September 1, 2022 ("Order 2").  In the September 1, 2022 hearing, the last page of the Order stated in pertinent part as follow:

4.  Within five (5) days of the receipt of the notice of determination, either the City or the owner or keeper of the animal may appeal the decision of the hearing officer to the superior court having jurisdiction over the matter. The party appealing the determination shall serve, personally or by first class return receipt mail, notice of the appeal on the other party. Any such appeal shall be by trial *de novo* (EGMC section 8.06.070(B)).

Dated: September 1, 2022

Katie Bellotti Porter, Hearing Officer
California Hearing Officers, LLP

15.    This trial de novo method of appeal was appropriate because the life of an animal is at issue based upon the dangerous designation and as described in the CA Food and Agricultural Code 31622.  On September 6, 2022 at 10:22am PST, Petitioner timely submitted a Notice of Appeal with the Sacramento Court Case: 34-2022-00326595-CL-PT-GDS.  Also on September 6, 2022, Elk Grove Assistant City

Attorney Suzanne Kennedy made legal arguments to the hearing officer telling the officer to change her order and method of appeal of Order 1.

16.    Kabir's attorney opposed stating that there is a legal process to request modifications on an order.  Despite the objections, on Tuesday, September 6, 2022 at 3:58 PM Elk Grove Assistant City Attorney Suzanne Kennedy (not the hearing officer) sent an amended order to Kabir's attorney reflecting the City's language requested.

17.    The Plaintiff has sought review of the administrative Order, but this lawsuit is different in that it challenges the Elk Grove Code as applied.

**TIME LINE**

May 16, 2022 -    Minor abrasion occurred based upon a provoked incident of strange man surprising Plaintiff from behind her at the end of her driveway

June 8, 2022 -    Administrative Hearing - Plaintiff's defense was not heard, Kabir was dropped off of Zoom as a technicality

June 15, 2022 -    Administrative Order Designating Zeus "Dangerous" (Compliance to restrictions is "within thirty (30) days of the notice of designation") **Order 1**

July 14, 2022 -    Kabir appears at Animal Control to show compliance documentation and is sent home.

July 15, 2022 -    Seizure of Zeus at approximately 3pm and criminal misdemeanor charge placed against Kabir for Elk Grove Code 8.06.110, failure to comply. During the seizure, while plaintiff Kabir was in a distressed stated forced to surrender her dog, an officer participating in the seizure was slightly nipped.

July 27, 2022 - City of Elk Grove representative Alicia Neronde served a Notice of Hearing on Administrative Appeal Administrative Citation #05402 wherein no burden of proof was stated on the Notice.  Additionally, Plaintiff was not informed that only legal arguments from attorney Pete Macaluso, and no other, would be accepted.

August 15, 2022 -   Administrative Hearing regarding compliance - At the advise of counsel Peter G. Macaluso, Kabir remained silent due to her pending criminal charge

(proof of full compliance filed post hearing with objections per the officer's instructions but not admitted by the hearing officer despite the City's new evidence being received post hearing).

August 15, 2022 - Administrative Writ filed pertaining to Order 1, under Case No.:34-2022-80003929 in the Superior Court of California.

September 1, 2022-Admin Order Received stating the evidence of compliance was not admitted and Zeus shall be euthanized. **Order 2**

September 7, 2022 - Kabir Notices an Appeal in Superior Court per CA Food and Ag Code 31622 per the language of Order 2 under Case No. 34-2022-00326595-CL-PT-GDS.

September 7, 2022 - City makes Ex Parte communication to the hearing officer to modify the Order 2 rather than follow the process and the hearing officer amends the order 2 removing the ability to have a de novo review and stating a writ shall be the form of review, **Order 3**

September 14, 2022 - With no explanation included, the Court denies the request for stay of execution under the Writ Case No. 34-2022-80003929-CU-WM-GDS.

September 15, 2022 - The City dismisses the de novo appeal stating that there is no language saying that Kabir can have a de novo hearing and a stay of execution is granted only until September 23, 2022.  Kabir argues that there is nothing in the Elk Grove code precluding it from de novo review per CA Food and Ag Code 31622

September 15 & 16, 2022 - Petitioner makes formal administrative request of City Council for an appeal of the administrative hearing decision of Order 3 by way of Elk Grove Municipal Code 1.11.030.


## **FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 for Fourth, Fifth and Fourteenth Amendment Violations**

**Due Process Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1981**

**Against All Defendants**

18.     Plaintiffs hereby incorporate by reference the allegations set forth in the paragraphs above and below as though fully set forth herein.

19.     Ms. Kabir's dog Zeus is property to which he is afforded 14th Amendment Due Process protection.

20.     Acting under color of law and the authority of Defendants, defendants intentionally, negligently, and with complete and deliberate indifference to Plaintiffs' rights caused Plaintiffs to be deprived of their constitutional rights, including but not limited to those under the Fourth, FIFTH and Fourteenth Amendments, by unlawfully and illegally seizing Zeus without a warrant and determining that he should be killed.

21.     Defendants, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiffs' rights, caused Plaintiffs to be deprived of their constitutional rights, including but not limited to those under the Fourth, Fifth and Fourteenth Amendments, by failing to enforce the provisions of the United States Constitution concerning seizure of property and by promulgating, encouraging, and condoning customs, practices, and policies that result in illegal seizures of property.

22.     Defendant The City of Elk Grove and Defendants implicitly or explicitly adopted and implemented a policy, custom, or practice permitting and/or instructing its employees to do the following, *inter alia*:

a.     To seize Zeus without a warrant from her lawful owner, Ms. Kabir, without meaningful due process and in violation and disregard of her ownership rights;

b.     To remove Zeus to the County's possession and/or to any other location without Kabir's consent and in violation and disregard of ownership rights;

c.     To fail to provide constitutionally sufficient due process to those whose animals are seized and detained as described above.

23.     In violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the illegal actions of Defendants have deprived Plaintiffs of their constitutionally protected rights to be free from:

a.      Unreasonable seizure;

b.      Procedural due process violation (deprivation of property);

c.      Procedural due process violation (deprivation of liberty);

d.      Substantive due process violation; and

e.      Taking without just compensation.

24.     The City's possession of Zeus as fraudulently induced in violation of the 4th amendment of the U.S. Constitution.

25.      The actions of Defendants proximately caused the deprivation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

26.      The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other damages.

27.     By this conduct, Defendants violated Plaintiffs' federal constitutional and statutory rights under 42 U.S.C. § 1983.

28.     In addition to constitutional injury, the above-described conduct entitles the Plaintiff to other compensatory damages, including, but not limited to, loss of use/companionship, damages for physical injury, intentional infliction of emotional distress by violating a federal statute and the U.S. Constitution, and other damages in amounts to be proven at trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 for Procedural Due Process Violations

29.   Plaintiffs incorporate paragraphs 1-36 of the complaint as if fully set forth herein.

30.   Acting under color of law and the authority of Defendant defendants intentionally, negligently, and with complete and deliberate indifference for Plaintiffs' rights caused Plaintiffs to be deprived of their constitutional rights, including but not limited to those under the Fourteenth Amendment, when he deprived Plaintiffs of their rights in property without notice and an opportunity to be heard at a meaningful time and in a meaningful manner.

31.   Defendants, under color of law, intentionally, negligently, and with complete and deliberate indifference to Plaintiffs' rights, authorized, permitted, and tolerated the custom, policy, and practice of depriving individuals of rights to property without due process of law, by and through its official policymaker, and by promulgating, encouraging, and condoning customs, practices, and policies that result in deprivation of property rights without due process of law.

32.   The City of Elk Grove choose a hearing officer and hearing officer program that would not apply the law equally between Kabitr and the City of Elk Grove.  Elk Groves choosing of the hearing officer enabled Elk Grove to have favor in the eyes of the hearing officer which resulted in allowing the City to have new evidence admitted post-hearing, but not have Kabir's evidence of compliance admitted post hearing.  Further, the City of Elk Grove was able to communicate Ex Parte to tell the officer to successfully change the administrative order rather than use the regular process.

33.     The actions of Defendants proximately caused the deprivation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

34.     The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other damages.

### THIRD CAUSE OF ACTION

### THE ELK GROVE CODE IS UNCONSTITUTIONAL AND/OR

### UNCONSTITUTIONALLY VAGUE AS APPLIED

35.     Plaintiffs repeat, restate and reallege and incorporate by reference all of the allegations contained in numbered paragraphs enumerated above and below inclusive as if set forth herein in full.

36.     Plaintiff is a dog owner who resides in the City of Elk Grove and therefore the following codes apply to her and she is subject to Elk Grove's municipal code.

37.     The following Elk Grove Codes are unconstitutional as applied:

(a)     Elk Grove Code 8.06.100 reads in pertinent part as follows:

Impoundment authorized.   If upon receiving written notification the owner fails to restrain or control a dangerous animal, as ordered, the owner is in violation of this title and an Animal Control Officer is empowered to seize and impound or destroy the animal.

Elk Grove Code 8.06.100 violates due process in that it should allow for a hearing *prior* to seizure.  The Plaintiff brings this action because the City of Elk Grove should have had to get a warrant prior to seizure of her dog Zeus based upon an alleged violation.  In this case, the seizure was made within the compliance period.

(b)     Elk Grove Code 8.06.090 reads in pertinent part as follows:

Dogs to be kept under control at all times. Even if the owner is in compliance with the regulations for keeping such a dangerous animal, if such animal attacks, bites, causes injury, or otherwise threatens the safety of a human being or domestic animal, then such animal shall be immediately impounded at the animal shelter and be subject to destruction.

Elk Grove Code 8.06.090 should provide for a hearing based upon the bite or injury alone, prior to destruction order and determination.  Elk Grove Code 8.06.090 places the cart before the horse.  The code should allow for exemptions and defenses from a bite allegation such as provocation or the mitigation of conduct of an officer on duty of seizure.  Elk Grove Code 8.06.090, is unconstitutional because as applied it does not provide for defenses from a dog bite after a dangerous designation.  See, CA Food and Agricultural Code § 31626.  Elk Grove violates due process in that a hearing should be conducted on the alleged bite alone to see if there are defenses, rather than have a blanket determination of death with no exception.

(c)    Elk Grove Code 8.06.080 reads in pertinent part as follows:

Time limit to meet requirements.All requirements for owners of dangerous animals must be satisfied within thirty (30) days of issuing a notice of designation as set forth in EGMC Section 8.06.040(B), unless otherwise specified, in the permit. Satisfactory proof of compliance must be provided to Animal Control. If all requirements for owners of dangerous animals are not satisfied within thirty (30) days of the notice of designation, or the owner is unable or unwilling to implement them, the animal shall be humanely euthanized either by an Animal Control Officer or by a licensed veterinarian. Proof of euthanasia shall be provided to an Animal Control Officer within three (3) days of its occurrence.

Elk Grove Code 8.06.080 as applied is unconstitutional and vague and ambiguous as applied.  The City of Elk Grove take the term "within thirty (30) days" to mean that at any time before the end of 30 days or within (30) days, the City of Elk Grove may seize a dog if they "are not satisfied."  Additionally, "[s]atisfactory proof of compliance" is not defined by the City of Elk Grove.

Plaintiff sues the City because she had complied, and went to present proof of compliance on day 29, yet had her animal seized at 3pm on day 30.

Plaintiff's compliance was clearly not satisfactory to the officers who provided no authority on how satisfaction is achieved.

As applied, the code is unconstitutional in that it resulted in a 4th amendment seizure of Kabir's dog Zeus.

      (d)     Elk Grove Code 8.06.070(C)(6) reads in pertinent part as follows:

An Animal Control Supervisor and/or designee is authorized to make whatever inspections he or she deems necessary to ensure compliance with these provisions.

The Elk Grove Municipal Code is vague and ambiguous and allowing a large amount of due process violations without any restraint.  The Plaintiff brings this action because the City of Elk Grove should have had to provide notice for inspections or get a warrant prior to seizure of her dog Zeus.  In this case, the City of Elk Grove came to Kabir's home within the compliance 30 day period, without notice or warrant, resulting in the seizure of her dog.

38.     The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other financial damages.

39.     By this conduct, Defendants violated Plaintiffs' federal constitutional and statutory rights under 42 U.S.C. § 1983 for having unconstitutional codes as applied to Plaintiff.

40.     In addition to constitutional injury, the above-described conduct entitles the

1
2
3
4
5

Plaintiff to other compensatory damages, including, but not limited to, loss of use/ companionship, damages for physical injury, intentional infliction of emotional distress by violating a federal statute and the U.S. Constitution, and other damages in amounts to be proven at trial.

6
7
8
9

### FOURTH CAUSE OF ACTION

### DUE PROCESS

10
11

### THE BURDER OF PROOF FOR THE QUASI CRIMINAL HEARINGS SHOULD HAVE BEEN HIGHER AS APPLIED

12
13
14
15

41.    Plaintiff repeat, restate and reallege and incorporate by reference all of the allegations contained in numbered paragraphs enumerated above and below inclusive as if set forth herein in full.

16
17
18
19

42.    Plaintiff alleges that there are two reasons why the burden of proof of the City of Elk Grove should be elevated to clear and convincing: (a) criminal repercussions and (b) a constitutional 4th amendment takings by way of euthanasia is triggered.

20
21
22

43.    **Criminal Repercussions:**    The Elk Grove Municipal Code pertaining to dogs carries with it criminal repercussions.   See, Elk Grove Municipal Code 8.06.110 and 8.06.070(D).

23

44.     Elk Grove Municipal Code 8.06.110 reads in pertinent part as follows:

24
25
26

Compliance required – Violation.   Failure of any owner to comply with the provisions of this chapter relating to the keeping, harboring, owning, possessing, or controlling of any dangerous or vicious animals shall constitute a misdemeanor.

27
28

45.    Elk Grove Municipal Code 8.06.070(D) reads in pertinent part as follows:

Failure to maintain any animal found to be dangerous consistent with the provision of this section shall constitute a misdemeanor, punishable as set forth in EGMC Section 8.06.110.

46.    The criminal repercussions for noncompliance of the Elk Grove Code are not accounted for in the administrative hearings with an elevated burden of proof.

47.    The burden of proof for a hearing for noncompliance should be clear and convincing as opposed to preponderance of the evidence.

48.    The Elk Grove administrative hearing process violated due process because the burden of proof as applied is low, mere preponderance of the evidence with loose rules of evidence.

49.    **4th Amendment Takings:**  Plaintiff was charged under Elk Grove Municipal Code 8.06.080 and 8.06.090.  Plaintiff requested a hearing which resulted in an administrative hearing as to whether or not Kabir complied with the restrictions.

50.    Different than other dangerous dog designations, the result of this compliance hearing would have been the killing of the her dog.

51.    The euthanasia of Zeus is akin to a 4th amendment taking because Zeus is subject to the 4th amendment, being personal property.

52.    Knowing that the result of the administrative hearing would have been death of Zeus, the burden of proof should have been elevated to clear and convincing because a constitutional balancing test was at issue.

53.    Additionally, the Elk Grove Municipal Code does not allow for a dog bite hearing to determine if any dog bite defenses apply with regard to incidents under Elk Grove Municipal Code 8.06.090.  Therefore, there was no question that Elk Grove would be

seeking death, a taking, requiring an elevated burden of proof due to the constitutional issue raised.

54.     Significantly, the City of Elk Grove representative Alicia Neronde served a Notice of Hearing on Administrative Appeal Administrative Citation #05402 wherein no burden of proof was stated on the hearing Notice.  Additionally, Plaintiff was not informed that only legal arguments from attorney Pete Macaluso, and no other, would be accepted. These deficiencies were due process violations upon Plaintiff.

55.      The actions of Defendants caused Plaintiffs emotional distress, pain and suffering, and other financial damages.

56.     By this conduct, Defendants violated Plaintiffs' federal constitutional and statutory rights under 42 U.S.C. § 1983 for having unconstitutional codes as applied to Plaintiff.

57.     In addition to constitutional injury, the above-described conduct entitles the Plaintiff to other compensatory damages, including, but not limited to, loss of use/companionship, damages for physical injury, intentional infliction of emotional distress by violating a federal statute and the U.S. Constitution, and other damages in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF

58.     Plaintiff repeats, restates and realleges and incorporates by reference all of the allegations contained in numbered paragraphs enumerated above and below inclusive as if set forth herein in full. Plaintiffs bring this action for declaratory judgment.

59.    There exists an actual and justiceable controversy between Plaintiff and Defendants as to whether the defendants actions are unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

60.    Based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Honorable Court enter judgment declaring the rights and other legal relations of the parties hereto as to said controversies.

## SIXTH CAUSE OF ACTION

## UNCONSTITUTIONAL VIOLATION OF CALIFORNIA CONSTITUTION Art. XI, Sec.7

### (Similar to U.S. Const. art. VI., § 2.)

61.    Plaintiff repeats, restates and realleges and incorporates by reference all of the allegations contained in numbered paragraphs enumerated above and below inclusive as if set forth herein in full. Plaintiffs bring this action for declaratory judgment.

62.    The California Constitution ARTICLE XI, SEC. 7 reads in pertinent part as follows:

> LOCAL GOVERNMENT.  A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws.

63.    The California Food and Agricultural Code is a general law of California.

64.    Plaintiff alleges that the City of Elk Grove enforces local city municipal codes which are in conflict with general laws.

65.    The applicable law in California that Elk Grove Municipal Code is violating is CA Food and Agricultural Code § 17005(a) which reads in pertinent part that "It is the policy of the state that no adoptable animal should be euthanized if it can be adopted into a suitable home."

66.     Zeus can and may be adopted out to a suitable home, yet Elk Grove wishes to euthanize him.

67.     Elk Grove Municipal Codes 8.06.080 and 8.06.090 *as applied* violate the policy of the state of California that no adoptable animal should be euthanized.

68.     Consequently, Elk Grove Municipal Codes 8.06.080 and 8.06.090 created an actual and justiceable controversy between Plaintiff and Defendants as to whether the defendants actions are unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

69.     Based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Court provide the remedies below to prevent injuries which will fall upon Plaintiff as well as other dog owners in similar circumstance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

1.     Compensatory damages for Defendants' violations of Plaintiffs' constitutional rights;

2.     Injunctive relief, both preliminary and permanent, prohibiting Defendants from maintaining possession of Zeus and returning Zeus to his rightful owner;

3.     An award of costs, including reasonable attorneys' fees, incurred in connection with this legal action; as provided by 42 U.S.C. § 1988 or as otherwise allowed by law;

4.     A trial by jury on all issues so triable;

**DECLARATORY RELIEF**

5.     Declaring that  Kabir is the lawful advocate of Zeus and that Zeus should be returned to  Kabir forthwith;

6.     Declaring that the actions of Defendants in seizing and keeping Zeus violated Kabir's due process and search and seizure rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

7.      Declaring that the burden of proof for hearings sought under Elk Grove Municipal Code 8.06.080 and 8.06.090 should be clear and convincing.

8.      Declaring that Elk Grove Code 8.06.80 is unconstitutional as applied to Ms. Kabir.

9.      Declaring that Elk Grove Code 8.06.90 is unconstitutional as applied to Ms. Kabir.

10.     Declaring that Elk Grove Code 8.06.100 is unconstitutional as applied to Ms. Kabir.

11.     Declaring that Elk Grove Code 8.06.070(C)(6) is unconstitutional as applied to Ms. Kabir.

12.     Declaring that the July 27, 2022 Notice of Hearing on Administrative Appeal Administrative Citation #05402 from City of Elk Grove Alicia Neronde was deficient in that no burden of proof was stated.

13.     Declaring judgment in Plaintiff's favor and against Defendants:

14.     Declaring that defendants' actions as unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

15. Declaring that Defendants be enjoined and restrained permanently from seizing animals without due process as it is unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

16. Declaring that there exists an actual and justiciable controversy between Plaintiff and Defendants as to whether the defendants actions were unconstitutional under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

17. Declaring that based on the actual controversy between the parties hereto as set forth above, Plaintiff respectfully request that this Honorable Court enter judgment declaring the rights and other legal relations of the parties hereto as to said controversies.

18.     Declaring that Elk Grove Municipal Codes 8.06.080 and 8.06.090 conflicts with state policy CA Food and Agricultural Code § 17005(a).

19. Declaring any other appropriate just orders to remedy the injuries described in this

complaint.

**INJUNCTIVE RELIEF:**

20. For injunctive relief, both preliminary and permanent, enjoining Defendants from holding possession Zeus in violation of Plaintiff's rights to ownership of Zeus.

21. For injunctive relief ordering and enjoining Defendants to implement protocols that provide owner-guardians constitutionally mandated due process upon seizure of property, including:

(a)     Notice of intentions to seize animals prior to seizing animals;

(b)     Provide clarity to dog owners as to when the deadline is for compliance and when and what form satisfactory compliance will be accepted;

(c)     Prior to the hearing, imposition of the preliminary burden on the government to make a prima facie showing (i.e., at least probable cause) justifying seizure and detention prior;

(d)     Prior to the hearing, notifying the parties of the burden of proof which will be applied;

(e)     At the hearing, applying a clear and convincing burden of proof for hearings which will result in criminal prosecution and killings of family canine companions;

(f)     The right to appeal the decision of the hearing body, rather than merely a Writ review of the hearing pursuant to CCP 1094.5 which has a low burden for the City to maintain its ruling.

(g)     To enjoin the Defendants from euthanizing Zeus pending the resolution of this complaint.

(h)     To enjoin the defendants from relying on hearsay to establish the hearing officer's findings.

(i)     To enjoin the defendants from euthanizing Plaintiff's dog based upon Elk Grove Municipal Codes 8.06.080 and 8.06.090 which conflicts with state policy.

22. Pending such process, enjoining Defendants from holding possession of Zeus and keeping him incarcerated in a cage in their possession;

23. Ordering any other injunction appropriate and just to remedy the injuries described in this complaint.

DATED: September 22, 2022          Respectfully Submitted,

THE ANIMAL LAW OFFCE

_____
Christine Kelly
Attorney for Plaintiff

## VERIFICATION

I, Faryal Kabir, am the petitioner for the above referenced case and I have read the contents of the foregoing **VERIFIED COMPLAINT AGAINST THE CITY OF ELK GROVE FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF** and know that I have personal knowledge of its contents of facts contained herein. I declare under penalty of perjury of the laws of the state of California that the statements made herein are true and correct and would testify to the same except those statements which are made on information and belief, and as to those statements, I believe them to be true. Executed on September 21, 2022.

_____
Faryal Kabir