UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARYAL KABIR, THE GUARDIAN OF THE CANINE COMPANION ZEUS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ELK GROVE; BOBBIE SINGH-ALLEN, ACTING MAYOR OF ELK GROVE; AND DOES 1–10,<br><br>Defendants. | No. 2:22-cv-01661-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Plaintiff Faryal Kabir's ("Plaintiff) Motion for a Temporary Restraining Order ("TRO"). (ECF No. 3.) No opposition has been filed by Defendants City of Elk Grove (the "City") or Bobbie-Singh Allen (collectively, "Defendants"). For the reasons set forth below, Plaintiff's motion is GRANTED.

///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant motion seeks to enjoin Defendants from euthanizing her dog, Zeus, on September 23, 2022. (ECF No. 3.) Plaintiff also seeks one of the following pending litigation: (1) enjoin Defendants to properly care for and shelter Zeus until further orders are given; (2) allow Rocket Dog Rescue to hold Zeus; or (3) return Zeus to Plaintiff. (*Id.*) The below facts are alleged in Plaintiff's First Amended Complaint ("FAC").[1]

This case arises out of the City designating Zeus as a dangerous animal and Plaintiff being accused of noncompliance with the dangerous animal restrictions. (ECF No. 11 at 2.) On May 16, 2022, a male adult "surprised [Plaintiff] at the end of her driveway," which shocked Plaintiff and provoked Zeus to ward the man off. (*Id.* at 4.) This incident resulted in "a very minor superficial abrasion and no puncture wounds." (*Id.*) On May 25, 2022, the City designated Zeus as a dangerous animal, a designation Plaintiff sought to dispute. (*Id.* at 5.)

On June 8, 2022, a hearing regarding the dangerous animal designation was held via Zoom. (*Id.*) Plaintiff attempted to attend the hearing, but she could not attend due to technical issues. (*Id.*) Plaintiff then phoned the hearing officer, but she was told she could not attend the hearing via phone. (*Id.*) The hearing continued in Plaintiff's absence and Plaintiff was unable to assert a provocation defense for Zeus. (*Id.*)

On June 15, 2022, the hearing officer signed an order designating Zeus as a dangerous animal. (*Id.*) The order provided that Plaintiff had 30 days to comply with all restrictions regarding Zeus. (*Id.*) Plaintiff provided evidence of compliance, but before the 30-day period to comply elapsed the City's animal control and police seized Zeus. (*Id.*) As part of the seizure,

---

[1] Plaintiff's FAC is verified in that she has declared under penalty of perjury the statements made in the FAC are true and correct, except as to the statements made upon information and belief. (ECF No. 11 at 23.) Factual allegations in a verified complaint may serve as the basis for a TRO. *Right to Life of Cent. California v. Bonta*, 562 F. Supp. 3d 947, 951 n.1 (E.D. Cal. 2021).

The Court notes Plaintiff's verification declares that the statements made in her "VERIFIED COMPLAINT" are true and correct. (ECF No. 11 at 23.) Therefore, the Court observes Plaintiff's verification identifies her "VERIFIED COMPLAINT" and not Plaintiff's "VERIFIED FIRST AMENDED COMPLAINT" as Plaintiff's FAC is titled. (*Id.* at 1, 23.) Nevertheless, because of the procedural posture of this case, the Court treats Plaintiff's FAC as if it were correctly verified.

1  animal control demanded Plaintiff put Zeus in their truck. (*Id.* at 5–6.) Plaintiff put Zeus in the
2  animal control truck, and thereafter, there was an "incident" with an animal control officer
3  resulting in the officer being "slightly nipped." (*Id.* at 6, 8.) A criminal misdemeanor change was
4  also placed against Plaintiff pursuant to Elk Grove Code 8.06.110 for failure to comply. (*Id.* at
5  8.)

6        On August 15, 2022, a second hearing took place before a different hearing officer. (*Id.* at
7  6.) After the hearing, the hearing officer asked for post-hearing objections, which the City
8  submitted along with video evidence. (*Id.*) Plaintiff submitted proof of compliance after the
9  hearing, but it was not admitted. (*Id.*) The City also made an *ex parte* communication with the
10 hearing officer after the hearing instead of using the correct procedure. (*Id.*) Plaintiff alleges the
11 hearing officer's actions were in violation of due process and the Elk Grove Code. (*Id.*)

12       On September 2, 2022, an order from the second hearing was issued. (*Id.* at 7.) The order
13 provided for Zeus to be euthanized. (*Id.* at 9.) The order also provided a five-day period to
14 appeal the order, but the City's attorney argued the order's appeal procedure had to be changed,
15 and this change was implemented in an amended order. (*Id.* at 7.) The amended order stated it
16 could be reviewed by writ, instead of by trial de novo. (*Id.* at 9.)

17       On September 7, 2022, Plaintiff filed an appeal in the Sacramento County Superior Court,
18 Case No. 34-2022-00326595. (*Id.* at 9.) On September 15, 2022, the Superior Court held a short-
19 cause bench trial, in which Plaintiff and the City appeared. (ECF No. 9 at 10.) On September 21,
20 2022, the Superior Court issued an order granting the City's motion to dismiss Plaintiff's request
21 for appeal by trial de novo. (*Id.* at 11.) In the same order, the Superior Court also approved a
22 stipulation to stay Zeus' euthanasia until September 23, 2022. (*Id.*)

23       Plaintiff also filed a petition for a writ in the Superior Court, Case No. 34-2022-80003929.
24 (*Id.*) On September 14, 2022, the Superior Court in that case denied Plaintiff's request to stay
25 Zeus' euthanasia without explanation. (*Id.*)

26       On September 21, 2022, Plaintiff initiated the instant action and filed her complaint.
27 (ECF No. 1.) Also on September 21, 2022, Plaintiff filed the instant motion for TRO. (ECF No.
28 3.) On September 22, 2022, Plaintiff filed her FAC. (ECF No. 11.) The FAC alleges six causes

of action: (1) 42 U.S.C. § 1983 for Fourth, Fifth, and Fourteenth Amendment violations; (2) 42 U.S.C. § 1983 for procedural due process violations; (3) a constitutional challenge to portions of the Elk Grove Code regulating dangerous animals; (4) a due process claim concerning the burden of proof; (5) declaratory relief; and (6) violation of the Article XI, Section 7 of the California Constitution. (*Id.*) Defendants have not filed an opposition to the motion for TRO.

## II.  STANDARD OF LAW

A TRO is an extraordinary remedy. The purpose of a TRO is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* E.D. Cal. L.R. 231(a).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A

4

stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, plaintiffs must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in [p]laintiffs' favor in order to succeed in a request for preliminary injunction. *Id.* at 1134–35.

### III.     ANALYSIS

The Court has reservations about the merits of Plaintiff's case. *Cf. Am. Canine Found. v. Sun*, No. C-06-4713MMC, 2007 WL 878573 at *3–5, 6, 8, 10–11 (N.D. Cal. Mar. 21, 2007); *Larsen v. City of San Carlos*, No. 14-CV-04731-JD, 2014 WL 5473515, at *2–3 (N.D. Cal. Oct. 28, 2014); *Pesce v. City of Des Moines, Iowa*, 439 F. Supp. 3d 1101, 1116–1125 (S.D. Iowa 2020).

Additionally, the Court has questions regarding its jurisdiction to hear this case because of Plaintiff's unsuccessful attempt to seek review of the order providing for Zeus' euthanasia and to stay the euthanasia in the Superior Court. *See Irlina*, 2014 WL 806390, at *2; *Jones v. Tulare Cnty.*, No. 1:15-CV-01779-EPG, 2016 WL 7034744, at *9–10 (E.D. Cal. Dec. 1, 2016).

Although the Court has questions on the merits, the Court finds Plaintiff has made a sufficient showing at this stage on the likelihood of irreparable harm prong because of the irreversible nature of the euthanasia. The Court further finds at this stage that the balance of the equities tips in Plaintiff's favor because Plaintiff has offered to pay for the costs to house Zeus, and therefore, any burden to Defendants is unlikely to be great. (ECF No. 3 at 11.) Finally, the Court finds the TRO to be in the public interest at this stage, or at least this prong is neutral, because Zeus has been seized by the City's animal control, and therefore, Zeus does not pose a threat to the safety of the public.

Accordingly, the Court will issue a temporary restraining order staying Zeus' euthanasia until September 28, 2022, to preserve the status quo until Defendants have a chance to respond to the instant motion.

///

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 3.) Defendants are enjoined from euthanizing Zeus until September 28, 2022. Plaintiff is ordered to serve Defendants with this Order as soon as possible. Defendants shall file a response not later than 5:00 P.M. on Monday, September 26, 2022. Plaintiff shall file her reply, if any, not later than 12:00 P.M. on Tuesday, September 27, 2022.

IT IS SO ORDERED.

DATED: September 22, 2022

_____
Troy L. Nunley
United States District Judge