UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARYAL KABIR, et al., | No. 2:22-cv-01661-DJC-SCR |
| Plaintiffs, | |
| v. | **ORDER** |
| CITY OF ELK GROVE, et al., | |
| Defendants. | |

Plaintiffs Faryal Kabir and Ghesal Kabir filed this action against Defendants City of Elk Grove and Bibbie Singh-Allen based on allegations that the seizure of Plaintiffs' dog "Zeus" violated Plaintiffs' constitutional rights.[1] Defendants have moved to dismiss Plaintiffs' First Amended Complaint ("FAC") on the basis that it fails to allege facts sufficient to establish the City is liable under *Monell* and because it does not contain any allegation that Singh-Allen, the acting mayor of Elk Grove at the time of the incident, engaged in any wrongful conduct.

For the reasons stated below, the Court grants Defendants' Motion to Dismiss. Plaintiff's shall be granted leave to file an amended complaint.

---

[1] Plaintiffs have filed a separate action against an animal control officer, Crystel Mocek, in her individual capacity based on the July 15, 2022 seizure of Zeus. *Singh v. Mocek*, 2:22-cv-01855-DJC-SCR. This Order does not address any pending Motions in that action.

1

## BACKGROUND

Plaintiffs allege that following an incident in which Zeus caused a "minor superficial abrasion with no puncture wounds" to a stranger, a hearing was conducted on June 8, 2022, to determine whether Zeus should be designated a dangerous animal. (FAC (ECF No. 11) ¶ 9.) Ms. Kabir sought to attend the hearing to contest the designation but was not heard after she was dropped from the Zoom connection.[2] (*Id.*) On June 15, the administrative hearing officer signed an order designating Zeus as a dangerous animal. (*Id.* ¶ 10.) The order stated Ms. Kabir had 30 days to comply with restrictions placed on Ms. Kabir and Zeus. (*Id.* ¶¶ 9–10.)

On July 15, 2022, Elk Grove Animal Control arrived at Ms. Kabir's home and seized Zeus. (*Id.*) Plaintiffs allege that July 15, 2022, was the 30th day for Ms. Kabir to comply with the imposed restrictions and that the seizure occurred before the deadline to show compliance. (*Id.* ¶ 10.) Plaintiffs also allege that Ms. Kabir was in fact in compliance with the requirements imposed after the June 8, 2022 hearing. (*Id.*)

A second post-seizure hearing was held on August 15, 2022. (*Id.* ¶ 12.) Plaintiffs allege that during this hearing, the hearing officer "did not recognize that the violation upon Ms. Kabir was premature when Ms. Kabir's time to comply was not ripe." (*Id.*) Plaintiffs also allege that the hearing officer "made findings based on hearsay over objection" and did not permit a second attorney to speak for Ms. Kabir. (*Id.* ¶ 12–13) After the hearing, Ms. Kabir's counsel submitted evidence of Ms. Kabir's compliance with the requirements imposed at the initial June 8, 2022 hearing, but this evidence was not considered. (*Id.*)

On September 2, 2022, a final order was issued directing Zeus to be euthanized which also stated that Zeus' owner had a right to appeal the order and that the standard on appeal would be *de novo* review of the order. (*Id.* ¶ 15.) Plaintiffs

---

[2] This action was originally filed by Plaintiff Faryal Kabir alone. Plaintiff Ghesal Kabir later joined the action as co-owner of Zeus. (ECF No. 23.) As the facts recited in the FAC concern only actions taken by Faryal Kabir, the Court's discussion of the factual allegations refer to Plaintiff as "Ms. Kabir" simply for purposes of clarity.

allege that based on ex parte communication between the hearing officer and an Elk Grove Assistant City Attorney, the order was amended on September 6, 2022, to change the standard of review on appeal. (*Id.* ¶¶ 15–16.)

District Judge Troy L. Nunley stayed the majority of this action on September 28, 2022, under the *Younger* abstention doctrine. (ECF No. 20.) The sole exception to this stay was the Fourth Amendment portion of Plaintiff's first cause of action, which Judge Nunley permitted to proceed forward. (*Id.*) Judge Nunley instructed that the stay was to remain in place "until the Court orders otherwise." (*Id.*) No order has issued lifting the stay so it remains in place as to all claims except the Fourth Amendment portion of Plaintiff's first cause of action.

Defendants have now filed a Motion to Dismiss Plaintiffs' Fourth Amendment claims as to the First Cause of Action. Defendants argue that this cause of action fails to allege sufficient facts to establish *Monell* liability against the City and that the FAC fails to state a claim against Defendant Singh-Allen. Briefing is complete on the Motion to Dismiss. (Mot. (ECF No. 22-1); Opp'n (ECF No. 31); Reply (ECF No. 37).) The Court also addresses below Plaintiff's "Motion for Correct Controlling Error" which is currently pending before the Court. (ECF No. 31.)

## MOTION TO DISMISS

### I.  Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give

rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

**II.    Discussion**

**A.  Sufficiency of *Monell* Allegations**

Plaintiffs' First Cause of Action seek to state a claim for damages under 42 U.S.C. § 1983 based in part on a violation of Plaintiff's rights under the Fourth Amendment. (FAC at 9–11.) This claim is brought against "[a]ll Defendants" which includes the City of Elk Grove.

Under the Supreme Court's decision in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), local governments may be held liable under section 1983 for wrongs done by the local government itself. A municipality or other local government entity is subject to *Monell* liability when that government, "under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell*, 436 U.S. at 692. A municipality, however, cannot be held liable solely for the purported constitutional violations of its employees, "or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. The municipality itself must have acted through an official municipal policy or custom. *Id.* at 694.

The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an official policy; (2) a pervasive custom or practice; (3) a

failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). The FAC addresses *Monell* liability for this claim in paragraph 22 stating:

> [The City] implicitly or explicitly adopted and implemented a policy, custom, or practice permitting and/or instructing its employees to do the following, *inter alia*:
> a. To seize Zeus without a warrant from her lawful owner, Ms. Kabir, without meaningful due process and in violation and disregard of her ownership rights;
> b. To remove Zeus to the County's possession and/or to any other location without Kabir's consent and in violation and disregard of ownership rights;
> c. To fail to provide constitutionally sufficient due process to those whose animals are seized and detained as described above.

(FAC ¶ 22.)

Despite Plaintiff stating that the City had a custom or practice that "permit[ed] and/or instruct[ed]" its employees to violate Plaintiff's rights, provide any factual basis on which the Court could find the City had such a custom or practice. Evidence of a single instance of unlawful conduct is insufficient to establish the existence of a policy, custom, or practice for purposes of a section 1983 claim against a municipality. *See Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021); *see also Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2021). As such, the allegations in the FAC are insufficient to establish *Monell* liability for the City on a theory of custom or policy.

As alleged, the First Cause of Action in the FAC also does not identify any specific policies that violated Plaintiffs' Fourth Amendment rights. Instead, the FAC simply identifies that the City "adopted and implemented" unidentified policies that resulted in the violation of Plaintiff's Fourth Amendment rights. (*See* FAC ¶¶ 22–25.) This generalized allegation is insufficient to state a claim predicated on liability under a *Monell* theory. Plaintiffs must actually identify an actual policy that violated Plaintiffs'

5

constitutional rights. *See Board of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403–04 (1997). As the First Cause of Action in the FAC fails to do so with regard to the Fourth Amendment, these claims must be dismissed.

However, leave to amend for this claim appears warranted. Plaintiffs' Opposition accurately notes that other causes of action of the FAC identify specific code sections. (Opp'n at 4.) For instance, within the Third Cause of Action, Plaintiffs identify Elk Grove Code sections 8.06.100, 8.06.090, 8.06.080, and 8.06.070(C)(6). (FAC ¶ 37.) Plaintiffs' Fourth Cause of Action also identifies two code of these same code sections, 8.06.080 and 8.06.090.[3] (FAC ¶ 49.) Both the Third and Fourth Cause of Action are concerned with alleged violations of due process and thus the relevance of these code sections to Plaintiffs' Fourth Amendment claims is unclear. Plaintiffs' Opposition concedes that at least two of the cited sections — sections 8.06.100 and 8.06.090 — were not utilized in the present case and are thus not relevant. (Opp'n at 4 ("[section 8.06.100] was not the code section used in the case of Kabir[.]" & "[section 8.06.090] was not the code section used in the case of Kabir to come to her house and seize Zeus[.]").) However, Plaintiffs allegations connected to section 8.06.080 suggest they believe this may have direct relevance to Plaintiffs' Fourth Amendment claim. (*See* FAC ¶ 37.c ("[section 8.06.080] is unconstitutional in that it resulted in a 4th amendment seizure of Kabir's dog Zeus."); *see also* FAC ¶¶ 49–51.) Similarly, though more limited, the allegations in the FAC also seem to suggest a connection between 8.06.070(C)(6) and violations of Plaintiffs' Fourth Amendment rights.

These allegations, as presently contained in the FAC, are extremely vague and part of two Causes of Actions that are stayed. However, Plaintiffs' Opposition suggests that based on these code sections and other potential grounds, they believe they are capable of stating a Fourth Amendment claim against the City. While the

---

[3] The Fourth Cause of Action also identifies two additional code sections, 8.06.110 and 8.06.070(D), concerned with criminal repercussions for the ownership of dangerous animals which are plainly not relevant for a Fourth Amendment . (FAC ¶¶ 43-45.)

Court takes no final position on whether a Fourth Amendment claim based on sections 8.06.080 and 8.06.070(C)(6) are legally viable, an initial review of those sections does confirm that they have facial relevance to the Fourth Amendment and this particular case. In relevant part section 8.06.080 states:

> If all requirements for owners of dangerous animals are not satisfied within thirty (30) days of the notice of designation, or the owner is unable or unwilling to implement them, the animal shall be humanely euthanized either by an Animal Control Officer or by a licensed veterinarian.

And section 8.06.070(C)(6) states:

> An Animal Control Supervisor and/or designee is authorized to make whatever inspections he or she deems necessary to ensure compliance with these provisions.

Given the possible relevance of these sections to a possible Fourth Amendment *Monell* claim, Plaintiffs will be granted leave to file an Amended Complaint. Amendment shall be permitted <u>only</u> as to Plaintiff's Fourth Amendment claim brought under section 1983.

### B. Claims against Defendant Bibbie Allen-Singh

The FAC fails to allege any actions or inactions by Defendant Allen-Singh that could form the basis of an allegation that Defendant Allen-Singh violated Plaintiffs' Fourth Amendment rights. In fact, the FAC only mentions Defendant Allen-Singh once, stating broadly that "[Defendant Allen-Singh] is the acting mayor of Elk Grove who is responsible for ensuring that the City's laws are constitutional." (FAC ¶ 2.) Similarly, Plaintiffs' Opposition vaguely suggests Defendant Allen-Singh is liable because "the mayor is responsible for these municipal codes." (Opp'n at 8–9.) It appears that Plaintiffs seek to impose liability on Defendant Allen-Singh through either a *Monell* theory, which is more appropriately stated against the City itself, or a vague theory that Defendant Allen-Singh is liable simply by virtue of his position, effectively a form of respondeat superior liability which is unavailable for claims under

7

section 1983.  *See Iqbal*, 556 U.S. at 676.  In either case, the FAC fails to state a claim against Defendant Allen-Singh.

Accordingly, Defendants' Motion to Dismiss as to this claim is granted and Plaintiffs' Fourth Amendment claim against Defendant Allen-Singh is dismissed.  The Court will grant leave to amend as to this claim as well.  However, Plaintiffs are cautioned that should they elect to include a Fourth Amendment claim against Defendant Allen-Singh in a future complaint, they should ensure that claim is cognizable and supported by a justifiable legal argument.

## MOTION FOR CORRECT CONTROLLING ERROR

Also pending before the Court is a Motion from Plaintiffs entitled "Motion for Correct Controlling Error" in which Plaintiffs seeks reconsideration of Judge Nunley's October 26, 2022 order.  (ECF No. 31.)  In that order, Judge Nunley denied Plaintiffs' "Ex Parte Application for Order Directing Defense Counsel to Abide by Duty of Candor re the Court's Error on Order Document 20."  (ECF No. 30 (denying Plaintiffs' Application at ECF No. 28).)  Plaintiffs suggest that order identified "the wrong citation and administrative case" when it referenced the alleged "second administrative hearing."  (ECF No. 31 at 2.)  Plaintiffs state that they seek to "to compel Ms. Kennedy to abide by her duty of candor and explain the above matters, the facts and law applicable to this legal matter, so that the Court can then revisit its *Younger* analysis based on these new facts . . . ."  (*Id.* at 6.)  However, Judge Nunley's order expressly stated that evidence related to the second administrative hearing "was not material to this Court's ruling" and denied the Motion as he was "unable to discern the legal basis for Plaintiff's ex parte application . . . ."  (ECF No. 30.)

Plaintiffs' present motion seeking reconsideration still fails to identify any legal basis for their initial ex parte application.  It only states that the prior application sought a court order "compelling Ms. Kennedy to abide by her duty of candor and explain" alleged discrepancies.  (ECF No. 31 at 6.)  It does not identify any legal basis for the original application.  While Plaintiffs suggest there was a factual error in the

prior order, the Court denied Plaintiffs' motion as it lacked a legal basis.  Plaintiffs present motion thus has failed to identify any grounds for reconsideration.  *See* Fed. R. Civ. P. 60(b).  Plaintiffs' Motion (ECF No. 31) is denied.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 22) is GRANTED;
2. The First Amended Complaint (ECF No. 11) is dismissed with leave to amend;
3. Within fourteen days of this order, the parties are ordered to show cause why this action and the related action, 2:22-cv-01855-DJC-JDP, should not be consolidated into a single case and why the stay of 2:22-cv-01661-DJC-JDP should not be lifted;
4. Plaintiffs shall file an amended complaint fourteen days after the Court issues an order addressing the issues of consolidation and the stay; and
5. Plaintiff's Motion for Correct Controlling Order (ECF No. 31) is DENIED.

IT IS SO ORDERED.

Dated:  **June 26, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – kabir22cv01661.MTD

9